Please the court. My name is Earl Partington. I'm the court-appointed attorney for defendant appellate Kilsue Lee. Excuse me. I'd like to reserve seven minutes of my time. You'll have to watch the clock on that one. All right. Perhaps only five. Part of the problem, of course, is that the government did not address the principal issue that I raised, so I'm unsure what their argument will be here. But I think this case raises a very important issue of constitutional importance. It has transported us across seas to be tried for pretended offenses. This Declaration of Independence. That's right. King George III. And I think perhaps it's appropriate this Veterans Day weekend to think about where our fundamental rights came from. This grievance in the Declaration of Independence was the genesis for the venue and vicarage clauses in the Constitution. They are fundamental policy statements by the founding fathers that people are not going to be transported long distances for trials when there is an American court sitting in a geographical location and a jury available for that geographical location that can hear the case. Is there a court in American Samoa that can hear this when charged not under the law of American Samoa, but rather under the criminal laws of the United States, 18 U.S.C.? Yes. The High Court of American Samoa. The jurisdiction of that court applies to all crimes which are felonies. It doesn't say all crimes under the American Samoa Code. It says all crimes. And the grant... It just says all crimes that are felonies, no matter whose laws they are? It just says all crimes that are felonies. French law? German law? It can't be that. Well, no. Obviously, all crimes, all matters which are crimes under American law. I mean, certainly... Do you have any cases in which the High Court of American Samoa has actually tried cases brought under 18 U.S.C.? To my knowledge, the government has never brought a case in American Samoa under 18 U.S.C. I could find no evidence of that. And, in fact, until this case, the government had never attempted to try someone for a federal crime outside American Samoa under the circumstances such as this. So this is, indeed, first impression all the way around. Is there some species of assimilated crimes act making everything in American Samoa a crime that violates 18 U.S.C.? No. The problem we have here is that we just have the statement that the High Court has jurisdiction over all felonies. And the government has never tried to, to my knowledge, bring a prosecution outside of American Samoa for a crime committed in American Samoa. And as far as I can tell, the Attorney General of American Samoa has never prosecuted anyone in American Samoa under 18 U.S.C. before. It's been over a century. It's rather surprising. But if it's happened, I could not find any record of it. Does this history teach us anything? Well, I'm not sure. Perhaps it's because it's a small place with not a lot going on, so there isn't a whole lot of federal crime. I'm not sure. Is Rocky Reece long gone? Perhaps. I don't know if Your Honors have ever been to Pongo Pongo, but it's a rather sleepy place. And I guess it's catching up with the modern world, and it did so with this case. Certainly, until American Samoa engaged in this economic development, you wouldn't expect to find something like this there. But I think it's important to ask, what does the court do in this situation? Obviously, the logical solution is for Congress to provide for a district court, a territorial district court in Pongo Pongo. But that's the problem. It hasn't. Well, that's right. But then the question has to be, was it ever contemplated by anyone, and particularly the Samoan high chiefs who ceded their islands to the United States over a century ago, that their people would be transported across the Pacific, 2,000 and more miles for trial, with all the inconvenience and difficulty that entails? And I ask that, and the reason I quoted the Declaration of Independence is, the government is arguing that the United States government can do to our colony of American Samoa what the Crown did to the original 13 colonies that helped precipitate the American Revolution. Who is Kiel Suu Kyi? He is a Korean national. A Korean national. Who entered into a contract with the American Samoa government to open a garment factory in American Samoa. He's a Korean national. That's correct. So we're not dragging a Samoan across the seas to be prosecuted. No, that's quite true, but if the court upholds what has happened here, then Samoans can be dragged across seas. The precedent here is what counts. Now, if the narrative that shows up in the testimony of the case is to be believed, there were some Samoans who could have been prosecuted for something, but apparently they were not prosecuted under federal law. I don't see them here. Is that correct? That's correct. Were they prosecuted under Samoan law? American Samoa law? I have no knowledge of that. I don't recall reading anything about it, but I don't know if there were any prosecutions at all. But the question we have to ask is what is the consequence if we permit the government to do this? How easy would it be for someone to defend a criminal prosecution if they are in jail at the Federal Detention Center here in Honolulu and all the witnesses and all the evidence is on the island of Tutuila or one of the other islands in American Samoa? This is exactly what the Founding Fathers were concerned about. What's the difference between that and the international treaties that bring hijackers, skyjackers, boatjackers all over the world anywhere to be tried? Well, the answer to that is very simple. Certain crimes have long been recognized in international law as having universal jurisdiction. And this is so well established in international law. What about slavery? Well, I think slavery may be, if you're talking about from a foreign country, but this is not an international law case. And I think that's the distinction. You have a Korean national. Well, it's no different than if it had been a Samoan, that is someone from American Samoa, or an American visiting there who was living there temporarily and running a factory. I think we have to look at this from the standpoint of our national law. Do we really want to set the precedent that people can be removed when there is an American federal court there and an American jury that can hear the case? Keep in mind, too, the government relies entirely under Section 3238, which this court has held does not apply to crimes committed within the United States. And the United States is defined to include American Samoa. If that statute does not apply to crimes committed in the United States, the government cannot rely upon that statute here. And I think there's good reason for it, because in this case what you had is essentially the FBI flew down to American Samoa, kidnapped Mr. Lee and brought him back, did not go through any process in American Samoa, did not take him before a court in American Samoa. Does they have a warrant for him? Apparently a warrant was issued, I believe, from here. So how is that kidnapping when a federal district court orders a federal agency to arrest somebody and bring it before it to answer its own arrest? If they arrested him and brought him before the high court of American Samoa, it would not be. But when you just grab him and take him out of the district 2,000 miles, I submit that's kidnapping. Now you use the word district when you say take him out of the district. Are you using that in a technical sense, or are you just saying synonymous to area? Well, I think it's very clear from the cases the district has a geographical meaning, not like the districts that are prescribed for the United States district courts. We know, for example, that China was a district during the period that the United States Court for China existed. And we know very clearly from the Supreme Court cases cited in the brief that district means an area where there is an American court sitting with jurisdiction over the offense. Now, for example, the government cited to the Carr case from the District of Oregon in 1975. It arose out of a corrupt customs official in Alaska, Mr. Carr, who objected to being tried in Oregon. The problem was that there were no courts in Alaska. Congress didn't establish any courts in Alaska until 1884. And, in fact, the non-native population of Alaska during this period of time was just several hundred. So there was no place that Mr. Carr could be tried in Alaska. He had to be tried somewhere else. In this case, there is a court that could try Mr. Lee. But it's not a federal district court, as Congress has enumerated them within the statute. That's correct, but either was the United States Court for China. It was a special court created. And if China can be a district, how can it be said that American Samoa, American territory, is not a district? When was the statute passed upon which you rely in answer to my question as to whether or not a court in American Samoa had jurisdiction to try a case brought under 18 U.S.C., the one that gives to the high court of American Samoa jurisdiction over felonies? When was that statute passed? I'd have to look. When the Secretary of the Interior provided for the Constitution of American Samoa, which in turn created the legislature, the FONO down there, they provided it. I quote from the Samoan case, which gives that history. It's been some decades ago, Your Honor. You have four minutes and 38 seconds left. Do you want to reserve? I would like to. Thank you very much. Good morning. May it please the Court. My name is Lisa Stark, and I represent the United States, the appellee in this case. Defendant contends that he should have been tried in a territorial court in American Samoa rather than the district court of Hawaii. Defendant could not be tried in American Samoa, because no court in that territory has jurisdiction to try federal offenses. I thought that the American Samoa legislature had incorporated Title 18 into local law. Am I wrong about that? Under 18 U.S.C. Section 5, it's clear that the laws of the United States apply in American Samoa. Right. That is a very different question, though, as to whether or not there is a federal district court in American Samoa or a court with the equivalent jurisdiction of a district court located in that territory that has authority to try federal offenses. Defendant concedes and conceded below that, in fact, the laws of the United States apply in American Samoa. The issue here, though, is whether or not there is a court in American Samoa that has jurisdiction to try federal offenses. How do you respond to his argument that the high court has jurisdiction because it's within its jurisdiction to try felony cases? It does not, and the reason for that is essentially there are four reasons for that. First, in order for a court, a territory, any court to have jurisdiction, 18 U.S.C. 3231, vests the district courts of the United States with exclusive jurisdiction over federal offenses. Since Congress, unlike with the territories of Guam, Northern Mariana Islands, and the Virgin Islands has not either created a district court in American Samoa or vested any court in that territory with the equivalent jurisdiction of a district court, no court in American Samoa has authority to try federal offenses. Now, contrary to defendant's claim, 48 U.S.C. 1661 does not dictate a contrary conclusion for four reasons. First, a grant of jurisdiction must be explicit and clear from Congress, and 1661 does not vest any territorial entity with any powers. By its terms, it merely provides the president with supervisory authority over the territory, quote, until such time as Congress provides a government for the island. Is there a bill pending to create a district court in American Samoa? Excuse me? Is there a bill pending to create a district court? There is none that I know of, Your Honor. Consequently, 1661C is not a specific grant of authority by Congress to any court, no less an explicit congressional directive that a particular court have the equivalent jurisdiction of a federal court. Second, defendant's analysis of the issue violates fundamental separation of power principles embedded in the Constitution. Article III, Section 1 provides that Congress has the sole power to vest a federal court with jurisdiction. Consequently, contrary to defendant's claim, the Secretary of Interior's ratification of the American Samoan Constitution cannot provide a territorial court with the authority to act as a federal court. It does not come from Congress. Even if it could, though, defendant's reliance on the American Samoan Constitution is misplaced. It is well established that a territory cannot enact a law that is contrary to a federal statute. Consequently, since 18 U.S.C. 3231 provides that a federal court, federal district court, has exclusive jurisdiction over federal crimes, the American Samoa Constitution cannot provide that a territory contrary to the explicit terms of 3231 also may try federal offenses. Fourth, the American Samoan Constitution does not even vest the high court of American Samoa or any particular court in the territory with jurisdiction to try federal offenses. As counsel mentioned, the American Samoa Constitution vests the high court of American Samoa with the authority to try felonies. Since the American Samoan Code defines criminal offenses as violations of territorial law, the Constitution does not provide the high court of American Samoa or any court with authority over federal offenses. To the extent that counsel today relies on the United States Constitution and the concept of venue to argue that his defendant's trial should have been in American Samoa, his reliance is misplaced. Article III, Section 2 provides that when a crime is committed outside a state, the trial shall be at such location as Congress may by law have directed. The Supreme Court has repeatedly interpreted that provision and held that a defendant who commits an offense outside the United States in a territory of the United States has no Sixth Amendment rights to venue. I'm sorry, I apologize for interrupting you. Is the Justice Department doing anything to suggest a mechanism by which people charged with crimes committed in American Samoa might be tried either in American Samoa or at least closer to home? At this point, no, and there is no need to do that under the Supreme Court precedent. I cite... No, I'm not talking for the moment about question of black-letter law. I'm talking question of policy. Your answer is at the moment the government sees no necessity for doing that. At this juncture, I know of no legislation pending. There have been positions... ...by people under 18 U.S.C. for crimes allegedly committed in American Samoa but to try them here. I'm trying to figure out how often this occurs. Absolutely. There's one case in front of us. Absolutely. I don't know of any prior to this. I know that there are two or three now pending that are being investigated of criminal behavior violating federal offenses in American Samoa now ongoing. Are they like this case or are they similar to more conventional crime, drug crimes? No, they're civil rights prosecutions. They're similar to this. This is the Civil Rights Division bringing this case? At the Department of Justice. I think the reason for that is that that has just not been the focus of resources up to this point, and that's why we haven't seen this specific issue come up with regard to American Samoa. But the issue has come up many times in which a defendant is accused of a federal offense in a far-off territory and then is brought to a location far away and tried for a federal offense, United States v. Jones, which is a case out of the Supreme Court in the 1800s, was a case where a defendant was accused of a murder in a Caribbean island of Navassa and, in fact, then was brought under 3238 to the District of Maryland and tried for that offense. And the court held that that was entirely proper under 3238 because, in fact, as here, there was no court in Navassa that was either a district court or a court with the equivalent jurisdiction or invested explicitly with the equivalent jurisdiction of a federal court by Congress. So it is not unusual. There are also situations under the United States Code, very limited situations of criminal offenses. I think there is one about environmental pesticides and one about grains, where Congress has specifically designated that those offenses, and they're cited in our brief, are to be tried in the District of Hawaii. So there is nothing particularly unusual at all about a case being tried in a locale that may be far from the offense when the event or the offense as here is committed outside a state. And that's exactly what the founding fathers had in mind. And, of course, another reason why this doesn't come up as often now is because most of the cases are much older, and that's because at the time that the United States was first founded, there were many territories. And it was quite common because there were very few states that the federal code would be applied in situations or in instances or locations where there was a territory, and then 3238 would be applied, and the person would be tried to the place where he was first or she was first brought. And that is the reason that you don't see it commonly applied as much today. But here where Congress has not spoken and has not created a district court, it would be entirely improper for the case to be tried in the high court of American Samoa. It would absolutely violate the explicit terms of 18 U.S.C. 3231, which provides, and it must be in a federal district court. On your theory of the case and of the law, would the government have been able to take the defendant, Mr. Lee, to Guam for trial? If that would have been the first, under 3238, if that had been the first place he was brought, he could be tried in Guam. It was a deliberate choice by the government not to take him to Guam, but rather to take him here. I don't know if that was thought of, so I don't know if I could... It had to have been thought of. Pardon? Well, the record is salient on the point, but it would astound me if it did not cross their mind that that was a possibility. That was a possibility. Under 3238, it's the first place a defendant is brought where there is a district, and it could be any place. It could have been in Oregon. It could have been in Guam. Forgive me for my geographical ignorance. How many miles would it be to Guam compared to how many miles to Honolulu? I'm going to have to plead ignorance. We may get some education on rebuttal on that. The lawyers handling this case are out of Washington, though. Yes, they are, as I am. That is correct. It's a little farther to Guam than it is to Hawaii. That is true as well. I can say that I do know that in terms of mileage. The government lawyers, I assume the defense lawyers are not out of Washington? Excuse me? Are the defense lawyers also out of Washington? No. It's a Hawaii public defender, right? Well, it was out of Hawaii, yes, as I understand. Also, I would like to point out that when Congress is intended to get an entity or a court in a territory to have jurisdiction, as in the case of Guam or the Northern Mariana Islands or the Virgin Islands, it has spoken explicitly by not only creating a district court in that territory or locale, but vesting it with the jurisdiction of a district court of the United States. Congress has not done so. Also, under 18 U.S.C. 23, it says the term court of the United States includes the district court of Guam, the district court of the Northern Mariana Islands, and the district court of the Virgin Islands. It says nothing about the high court of American Samoa. And on your theory of the case, I guess the government could have chosen to bring Mr. Lee as an initial matter to Richmond, Virginia. That is correct. So I guess in a sense he's lucky that he was only brought to Honolulu. I think they brought him to the closest place. I'm not sure they did bring him to the closest place because I think Guam probably is closer. But I'm not sure of that. I stand corrected. But one could say the same thing about in the United States versus Jones where somebody was in the Caribbean of Nevada. I would dare say there was probably a district court in between the Caribbean island of Nevada and Maryland. I understand. And I think, you know, generally speaking, I think the United States, there's reason to believe they would bring him to the closest court. If there are no further questions, we would be happy to submit on this issue and ask that the case be affirmed. Thank you. Thank you. Counsel. I think I'm about to learn that Guam is further away. Yes, it is quite a bit farther away. American Samoa is about due south of here, 2,000 miles, about a five-hour plane trip. Guam is seven hours from here. This is indeed the closest district. I have a question for you. The district court talked about the fact that if Mr. Lee had been tried in the high court of American Samoa, he would be necessarily giving up a lot of his constitutional rights and found that as another reason why it was more proper to be in Hawaii and have the constitutional rights. What do you make of that argument? Well, I think it's a red herring. First off, it's for the defense to raise the constitutional rights. And secondly, in all the territorial district courts, the rights are less. You don't have an Article III judge. This was the issue raised in Wynn v. United States, rising out of the Northern Marianas, pointed out that you don't get a judge with life tenure. You don't necessarily get a grand jury indictment. Do you get a right to appeal? They have an appellate division. But not to the Ninth Circuit. No, Congress has not provided for any appeal to the Ninth Circuit. But I think what's really important here is that Mr. Lee would get a jury trial in American Samoa. And for the government to talk about the island of Navassa, it was an uninhabited guano island. American Samoa has people on it. It has a government. It has a society. It has a court system. Let's get real with regard to that. Yeah, but setting aside Navassa, if you take a look at the Constitution, the forceful argument made on the other side is the contemplation of the Constitution was that things would happen exactly as happened in this case when you're dealing with territories without district courts. What's your answer to that argument? No, that's incorrect. It's territories without courts that have jurisdiction over the offenses. If China was a district, how can it be said that American Samoa is not? And how can it be said that we're going to do to our colony what the British did to us? I mean, this is fundamentally offensive. There is no reason why the High Court of American Samoa cannot hear this case before a local jury. And I might add, I want to correct one thing. One of the defendants in this case was Samoan, Virginia Solian. She was acquitted. I see. And she was tried here. No, no. Yes, she was tried here. So you had one Samoan tried here. So there is nothing that says that the High Court of American Samoa cannot try this. Can I ask another question? How was Mr. Lee actually prejudiced by being tried here? Well, for the same reason I think that the colonists who were carried across the seas were prejudiced. Well, aside from that, I mean, that's the abstract conceptual argument. But in concrete ways, was he prejudiced? Well, for example, in investigating, finding your local witnesses, determining what's going on, more importantly having a jury. Don't his lawyers do that? I mean, isn't he stuck in prison anyway waiting for trial, and his lawyers are all out doing that investigation? Well, if he had been tried in American Samoa, he would have had an American Samoan attorney instead of a federal public defender here, one who probably spoke Samoan and was familiar with local conditions. This is the things that the founding fathers were concerned about. Instead, he was brought here, given an attorney from here. Now, the attorney could go down to Samoa, fly down, investigate. But I know that that attorney doesn't speak Samoan any more than I do. We want people tried in the vicinage, in the local community, so that they'll be represented by people who are familiar with it. They'll have a jury who's familiar with the community. These were very important considerations when the right to jury trial was enacted into the Constitution. All that's missing here. You know, if you want to get into a debate about the Declaration of Independence, it's very interesting. Wasn't it dragged across the sea to be tried for pretended offenses by judges who were completely subservient to King George without the counsel? I mean, it's a completely different situation. It rings interestingly that it doesn't square with what we were dealing with in 1776 at all. Well, I disagree with that, Your Honor. This is not a pretended offense. Well, they were pretended offenses to the colonists. It was actually treason for the king. So the offenses in terms of English law were very real. It's in the eye of the beholder. And I think we mustn't overlook that fact. I just wanted to mention one other point, if I could. There is one other case pending here, for example, involving the warden of the prison down there, in response to your question, and is waiting the outcome of this decision. The government's argument that the district courts have exclusive jurisdiction is correct in the sense of exclusive to the state courts. Congress can invest the Court of Federal Claims with criminal or admiralty jurisdiction if it wants. And I'll note that we have conflicting cases in Hawaii on this point. The Maya O'Malley case dealt with admiralty. Under the Constitution, admiralty jurisdiction is vested exclusively in the district courts. In that case, Judge King here ruled that the High Court of American Samoa had admiralty jurisdiction by virtue of Section 1661. Congress's grant of power to the President to administer and govern American Samoa was plenary. There is nothing in that grant of power that said the President, through the Secretary of the Interior and the American Samoa Constitution, could not create a local court that could try federal crimes. If the Court has no other questions, thank you. What's the admiralty case again? Is that your brief? Maya O'Malley. It's in my brief, Your Honor. M-E-A-A-M-A-I-L-E. Which brief? Your blue brief? I have it. I have it. 3839. So this case and Maya O'Malley are in direct contravention because if the High Court of American Samoa has admiralty jurisdiction, it has criminal jurisdiction. There is no way it can be said it has one and not the other. All right. Thank you, counsel. Very well argued on both sides. And United States v. Lee will be submitted.
judges: Tortt, Wardlaw, W. Fletcher